**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14–10541 |
| Plaintiff - Appellee, | D.C. 4:12-cr-02259-CKJ-LAB-2 |
| v. | |
| ISMAEL ALFREDO VELASQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted October 18, 2016
San Francisco, California

Before: CALLAHAN and HURWITZ, Circuit Judges, and MOLLOY,[**] District
Judge.

A jury found Ismael Alfredo Velasquez guilty of conspiracy to possess one

kilogram or more of heroin with intent to distribute, possession of heroin with

intent to distribute, conspiracy to import heroin, and importation of heroin. He was

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Donald W. Molloy, District Judge for the U.S. District
Court for the District of Montana, sitting by designation.

sentenced to concurrent terms of 120 months imprisonment and 60 months supervised release. On appeal, Velasquez claims that (1) the government improperly vouched for one of its witnesses, Alpana Prasad, resulting in plain error; (2) the district court abused its discretion by denying his request to present a duress defense and his request for a duress jury instruction; (3) the district court abused its discretion during trial by allowing the government to elicit testimony that Velasquez was on parole; (4) the district court committed plain error by admitting text messages into evidence as co-conspirator statements; (5) the cumulative error doctrine requires reversal; and (6) the evidence presented was insufficient to support the jury's verdicts.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The facts are familiar to the parties and are restated here only as necessary to resolve the legal issues of the appeal.

1. Because Velasquez did not object at trial, his claim of improper vouching is reviewed for plain error, *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993), which requires that Velasquez demonstrate both that the error was plain and that it substantially affected his rights, *United States v. Olano*, 507 U.S. 725, 732–35 (1993). The government concedes that the prosecutor impermissibly vouched for the government's witness, Alpana Prasad, by eliciting testimony on

2

direct examination about the truth-telling provision in her plea agreement. However, the impact of the improper vouching was mitigated by a curative instruction, the weight of evidence in the case, and the lack of personal opinion offered by the prosecutor. The improper vouching thus did not substantially affect Velasquez's fundamental rights given all the proof in the case. Consequently, reversal is not required. *Necoechea*, 986 F.2d at 1276–79.

2. The district court properly denied Velasquez's request for a duress defense and jury instruction because Velasquez did not present a prima facie case of duress. *United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir. 2011). Velasquez had a reasonable opportunity to escape the alleged threatened harm when he was speaking with Border Patrol agents and separated from his co-conspirator, Rodrigo ("Rico") Velasquez. *See id.*

3. The district court did not abuse its discretion by permitting the government in its case-in-chief to elicit testimony that Velasquez was on parole. Although Federal Rule of Evidence 404(b) generally excludes evidence of prior bad acts, Velasquez's parole status was relevant to show his reason for fleeing, informed the jury of a coherent story regarding the commission of the crime, and was not so prejudicial as to require exclusion under Federal Rule of Evidence 403. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995).

4. There was no plain error in admitting text messages between the co-conspirators under Federal Rule of Evidence 801(d)(2)(E). Pursuant to Rule 801(d)(2)(E), a co-conspirator's statement "is admissible against the defendant if the government shows by a preponderance of the evidence that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960 (9th Cir. 2000). The text exchanges in question evidenced the existence of a conspiracy, indicated Velasquez had knowledge of the conspiracy, and were corroborated by other evidence, including photos, videos, and border crossing records. *Bourjaily v. United States*, 483 U.S. 171, 181 (1987); *United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir. 1988) (requiring "some evidence" of the conspiracy in addition to the proffered statements). Because "[t]he requirements for admission of a co-conspirator's statement under [Rule] 801(d)(2)(E) are identical to the requirements of the Confrontation Clause," *United States v. Bridgeforth*, 441 F.3d 864, 868–69 (9th Cir. 2006), Velasquez's Sixth Amendment challenge is also unavailing.

5. "Although individual errors looked at separately may not rise to the level of reversible error, their cumulative effect may nevertheless be so prejudicial as to

require reversal." *Necoechea*, 986 F.2d at 1282.  Here, however, there is no cumulative error.

6.  Finally, the evidence supported the jury's verdict.  We "must consider the evidence presented at trial in the light most favorable to the prosecution" and "may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)).  Here, the evidence presented at trial when viewed in the light most favorable to the prosecution established the existence of a conspiracy and Velasquez's knowing participation.  Alpana testified she thought the group was carrying drugs.  There was heroin in the vehicle.  The digital record (including texts, photos, and border records) of the group's trip into Mexico also supported the existence of a conspiracy.  The evidence also proved Velasquez's participation in a joint venture to possess a controlled substance, all of which is sufficient to support his possession convictions.  *United States v. Hernandez*, 876 F.2d 774, 778 (9th Cir. 1989).

**AFFIRMED.**